# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **DAVID ALLEN OSBORNE**, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06CV00082 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **LLOYD EUGENE DALE, ET AL.**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendants. ) | |

*John M. Lamie, Browning, Lamie & Gifford, P.C., Abingdon, Virginia, for Plaintiff; Gregory S. Hancock, Hancock Law Firm, PC, Lebanon, Virginia, for Defendant Ashley Welch.*

The plaintiff in this case, David Allen Osborne, has filed a Complaint against the defendants, Lloyd Eugene Dale and Ashley Welch, for personal injuries sustained in an automobile accident on August 30, 2004. Jurisdiction of this court is based upon diversity of citizenship and amount in controversy. *See* 28 U.S.C.A. § 1332(a) (West 1993 & Supp. 2006). Defendant Welsh has moved for summary judgment in her favor. The motion has been briefed and argued and is now ripe for decision. Based on my review of the parties' arguments and evidence,[1] I find that genuine issues of material fact exist, and that Welch is not entitled to summary judgment.

---

[1] The record contains transcripts of the depositions of the plaintiff and the defendants, as well as the investigating police officer.

I

The summary judgment record, viewed in a light most favorable to the nonmoving party, shows the following facts. On August 30, 2004, Osborne, a resident of Tennessee, was operating his vehicle on Route 71 in Lebanon, Virginia, located in Russell County, Virginia. At the same date and time, Osborne alleges that a black Chevrolet Cavalier, driven by Welch, a resident of Virginia, was driving in front of him. He alleges that when the black Cavalier made a right-hand turn onto Barton Drive, her vehicle hit a large chuckhole,[2] causing the black Cavalier to "spin out" on some gravel and to leave the rear portion of the black Cavalier protruding into the roadway. Osborne stated that this action caused him to come to a complete stop in the roadway, and that his vehicle was rear-ended by a vehicle driven by defendant Dale, a resident of Virginia, a couple of seconds thereafter.

Osborne contends that Welch's negligence was a proximate cause of the accident. Welch argues that the police report regarding the accident makes no mention of a black Cavalier being involved in the accident, that Osborne has not positively identified her as the driver of the black Cavalier, that she was in school in Russell County at the time of the accident and, in any event, the actions of the driver of the black Cavalier were not negligent and not a proximate cause of the accident.

---

[2] Referred to by the plaintiff in his deposition as a "chug hole." (Osborne Dep. 21.)

In the alternative, Welch argues that if the actions of the driver of the black Cavalier are deemed to be a proximate cause of the accident, Dale's actions in rear-ending Osborne constitute a superseding intervening cause of the accident, thereby absolving the driver of the black Cavalier of any liability.

II

The standard of review for a motion for summary judgment is well-settled. A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); s*ee Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the court must view the facts, and the reasonable inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. *See id.* at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Nguyen v. CNA Corp.*, 44 F.3d 234, 237 (4th Cir. 1995); *Miltier v. Beorn*, 896 F.2d 848, 852 (4th Cir. 1990); *Ross*

*v. Commc'ns Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985); *Cole v. Cole*, 633 F.2d 1083, 1090 n.7 (4th Cir. 1980). The plaintiff is entitled to have the credibility of all his evidence presumed. *See Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990). The party seeking summary judgment has the initial burden to show an absence of evidence to support the nonmoving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The opposing party must demonstrate that a triable issue of fact exists; she may not rest upon mere allegations or denials. *See Anderson*, 477 U.S. at 248. A mere scintilla of evidence supporting the case is insufficient. *Id.*

III

I first will address the issues of negligence and proximate causation on the part of the driver of the black Cavalier, for if no negligence exists, then the issue of the driver's identity is irrelevant. When this court's jurisdiction is based upon diversity, the court must apply the substantive law of the forum state, including the forum state's choice of law rules. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78-79 (1938); *see also Ferens v. John Deere Co.*, 494 U.S. 516, 519, 531 (1990); *Nguyen*, 44 F.3d at 237; *Merlo v. United Way of Am.*, 43 F.3d 96, 102 (4th Cir. 1994). This court sits in the Commonwealth of Virginia, and Virginia is a traditional *lex loci* choice of law

-4-

state, meaning the substantive law of the place of the wrong governs the proceedings. *Dreher v. Budget Rent-A-Car Sys., Inc.*, 634 S.E.2d 324, 327 (Va. 2006). Here, the accident occurred in Virginia. Therefore, any injury that Osborne suffered necessarily occurred in Virginia. Thus, Virginia's substantive law will apply because Virginia was the place of the wrong. *See id.*

At his deposition, Osborne testified that the driver of the black Cavalier gave a signal indicating that she was going to make a right turn onto Barton Drive. Osborne further testified that he had time to safely stop, and did so, without colliding into the black Cavalier. Thus, there is no evidence that there was anything unlawful or negligent regarding the actual right turn onto Barton Drive. Instead, Osborne contends that the spinning out on the gravel by the driver of the black Cavalier, leaving the rear end of the vehicle protruding into the roadway, is a proximate cause of his being hit from behind by Dale's vehicle a couple of seconds after safely coming to a complete stop in the roadway.

"The elements of an action in negligence are a legal duty on the part of the defendant, breach of that duty and a showing that such breach was the proximate cause of injury resulting in damage to the plaintiff." *See Blue Ridge Serv. Corp. of Va. v. Saxon Shoes, Inc.*, 624 S.E.2d 55, 62 (Va. 2006) (citing *Trimyer v. Norfolk Tallow Co.*, 66 S.E.2d 441, 443 (Va. 1951)). Clearly, had the driver of the black

Cavalier not spun out on the gravel, leaving its back end protruding into Route 71, Osborne's vehicle would not have come to a complete stop in the roadway and it would not have been hit by the vehicle driven by Dale. Moreover, I find that reasonable minds could find that the actions of the driver of the black Cavalier were negligent. The alleged negligence centers around the presence of the chuckhole in the middle of Barton Drive. Thus, in determining whether the actions of the driver of the black Cavalier were negligent, that driver's knowledge of the existence of the hole is relevant.

Assuming, for the moment, that Welch was the driver of the black Cavalier, her deposition testimony would allow reasonable minds to find that she had knowledge of the existence of the hole and, thereby, had a duty to make the turn more slowly either to have avoided the hole altogether or to have avoided spinning out on the gravel. Specifically, Welch initially testified at her deposition that she resided with her grandfather on Barton Drive. However, she later testified that her grandfather lived not on Barton Drive, but in the Jones Addition of Russell County. Despite this inconsistency in Welch's testimony, the facts must be viewed in the light most favorable to Osborne for purposes of the summary judgment motion. That being said, I must take as true Welch's initial testimony that she resided with her grandfather on Barton Drive.

Moreover, I note that Osborne's deposition testimony allows the inference that this hole had existed for some time. He stated that the property owner had attempted on numerous occasions to patch the hole, only to be washed out again. He testified that "anyone who has any speed that goes there hits the chug hole and it[]s gravels." (Osborne Dep. 21.) If Welch lived with her grandfather on Barton Drive, she would have known of the existence of the hole, thereby placing a duty upon her to turn in a manner so as to avoid the hole entirely or to avoid spinning out on the gravel.

Next, it is clear that the driver of the black Cavalier breached this duty because she did, in fact, make the turn in a manner that did not allow her to avoid the hole or to avoid spinning out on the gravel. The remaining issue is whether this negligence of the driver of the black Cavalier was a proximate cause of the accident between the plaintiff and Dale, resulting in the plaintiff's injuries. For the reasons that follow, I find that, given the circumstances of this case, this is an issue that must be presented to the jury for determination.

"Proximate causation refers to closeness or nearness in causal connection; it is the cause that produces the injury and without which the injury could not have happened." *Koutsounadis v. England*, 380 S.E.2d 644, 646 (Va. 1989) (citation omitted). Proximate cause exists only where there is a natural and unbroken connection between the alleged negligence of the defendant and the injury suffered

by the plaintiff. *See id.* Even where a party is shown to have been negligent, the chain of causation may be broken by an interviewing or superseding cause. *See id.*

In order for an intervening cause to cut off the negligence put in operation by the defendant, "it must so entirely supersede the operation of the defendant's negligence that it alone, without the defendant's contributing negligence thereto in the slightest degree, produces the injury." *Id.* (quotations omitted).

Under Virginia law, the issue of causation is generally a question of fact that is left to the jury to decide. Therefore, a jury is required to examine the events at issue and determine whether those "events are naturally and probably connected with each other in a continuous sequence, or whether they are broken apart by new and independent forces." *Id.* at 647 (citation omitted). The issue of proximate cause only becomes a question of law when viewing the evidence reasonable minds cannot differ as to the result. *See Scott v. Simms*, 51 S.E.2d 250, 253 (Va. 1949) (citation omitted); *see also Edgerton v. Norfolk So. Bus Corp.*, 47 S.E.2d 409, 415 (Va. 1948) ("Whether there is a causal connection between a defendant's negligence and a plaintiff's injuries is usually a question for the jury. It is only when men of reasonable minds may not fairly differ on the proper inferences to be drawn from the facts proved that it becomes a question of law for the court.").

Case 1:06-cv-00082-JPJ   Document 53   Filed 04/25/07   Page 8 of 15   Pageid#: 260

In *Scott v. Simms* the Virginia Supreme Court addressed a situation in which the consequences of a negligent act had come to rest in a dangerous position, much as is the case here. In *Scott*, the court stated as follows:

> If the defendant's active force has come to rest, but in a dangerous position, creating a new or increasing risk [of] loss, and the foreseen danger comes to pass, operating harmfully on the condition created by the defendant and causing the risked loss, we say that the injury thereby created is a proximate consequence of the defendant's act.

380 S.E.2d at 254 (quoting Joseph H. Beale, *The Proximate Consequences of an Act*, 33 Harv. L. Rev. 633, 650 (1920)). In *Scott,* an administrator brought an action for the death of his decedent, a child, who was killed following a collision at a street intersection of an automobile and a truck that occurred behind an illegally parked automobile. The operators of the three automobiles were sued on the ground that the death was caused by their concurring negligence. *See id.* at 251. Evidence was introduced to show that the child had to go behind the illegally parked car to cross the street at the intersection, that she had to cross the street to go home and that she was standing behind the automobile, looking and waiting for traffic to go by, when the collision occurred. *See id.* She was either struck by the automobile involved in the collision as it rebounded or crushed between it and the parked vehicle. *See id.* The Virginia Supreme Court held that the fair inferences from the evidence were not so free of doubt as to permit the trial court to decide as a matter of law that there was no

-9-

causal connection between the negligence of the defendant and the injury. *See id.* at 254.

In *Koutsounadis v. England*, the plaintiff's automobile struck the defendant's automobile, which was stopped and unlit, blocking a portion of the left lane of an interstate highway in the early morning hours. *See* 380 S.E.2d at 645. The plaintiff alleged that the defendant was responsible for the collision because the defendant had negligently fallen asleep on the interstate and had struck a vehicle driven by a third party. *See id.* The plaintiff alleged that this collision with the third party left the defendant's car disabled in the left lane of the interstate where it was struck by a vehicle driven by yet another individual before being struck by the plaintiff. *See id.* The court in *Koutsounadis* held that, given the circumstances, proximate causation could not be determined as a matter of law. *See id.* at 647.

Specifically, it noted that the consequences of the defendant's negligently falling asleep and striking the third party's automobile was that the defendant's car came to rest in a dangerous position. *See id.* Thus, the court found that it could not hold as a matter of law that it was unreasonable for the defendant to foresee that other vehicles might collide with his darkened, dangerously positioned vehicle. *Id.* The court further noted that it could not see how any other events intervened to cut off the defendant's initial act of negligence in falling asleep, thereby precluding a finding

that the defendant's initial negligence did not contribute "in the slightest degree" to the collision by the plaintiff into the defendant's vehicle. *Id.* at 646.

All of this being said, I find that, given the factual circumstances of the instant case, reasonable minds could find that the negligent actions of the driver of the black Cavalier were a proximate cause of the plaintiff's injuries resulting from the subsequent collision between his vehicle and that of Dale. Specifically, reasonable minds could find that, had the driver of the black Cavalier not made the turn in a manner that did not allow her to avoid hitting the hole entirely or to avoid spinning on the gravel, the rear end of her vehicle would not have been placed dangerously into the roadway, thereby causing Osborne to come to a sudden stop and be hit seconds later by Dale. Moreover, I cannot hold as a matter of law that it was unforeseeable by the driver of the black Cavalier that the positioning of the rear end of her vehicle into the roadway could cause such an accident. Thus, I find that the question of proximate cause in this case has been taken out of the realm of mere speculation and must be presented to a jury for determination.

IV

Lastly, Welch argues that Dale's colliding with Osborne's vehicle was a superseding and intervening cause of the accident, thereby absolving the driver of the

-11-

black Cavalier of any liability. I disagree. As noted above, in order for an intervening cause to cut off the negligence put into operation by the defendant, "it must so entirely supersede the operation of the defendant's negligence that it alone, without the defendant's contributing negligence thereto in the slightest degree, produces the injury." *Id.* (quotation omitted). Here, it cannot be said that the accident would have occurred absent the negligence of the driver of the black Cavalier. In other words, I find that it cannot be said that the negligence of the driver of the black Cavalier did not contribute "in the slightest degree" to Osborne's injuries. For had the driver of the black Cavalier not been negligent in the manner in which she turned her vehicle onto Barton Drive, she would not have spun in the gravel leaving the rear end of her vehicle protruding into the roadway, causing Osborne to come to a complete stop and thus to be hit by Dale's vehicle. That being said, I find that Dale's colliding with Osborne's vehicle is not a superceding, intervening cause of Osborne's injuries.

V

Finally, I must determine whether Welch has been sufficiently identified as the driver of the black Cavalier to allow this case to proceed against her. Based on the following reasons, I find that she has been sufficiently identified for purposes of the

-12-

motion for summary judgment. It has been held that the law does not require that identification testimony be absolutely certain in order to be admissible. *See Wilson v. Commonwealth*, No. 1931-92-1, 1994 WL 374248 at *1 (Va. Ct. App. Jul. 19, 1994) (unpublished) (citing *Martin v. Commonwealth*, 173 S.E.2d 611, 614 (Va. 1968)). What is required is sufficient certainty in the identification of the defendant to make the identification admissible. *See Wilson*, 1994 WL 374248 at *1. The manner in which a degree of certainty is expressed goes to the weight that the fact finder may choose to accord the identification. *See id.* In determining whether an identification is sufficient, all of the other evidence must be considered. In *Wilson*, a case involving grand larceny of an automobile, there was testimony that Wilson "look[ed] like the man that was driving my car. This is all that I can say, whether or not it's a hundred percent, ninety-eight percent." *Id.* In addition to the identification, Wilson's fingerprint was found on the outside of the driver's side window of the automobile and an officer testified that he saw Wilson walking away from the vehicle. *See id.*

While the evidence submitted in this case is not as strong as that in *Wilson*, I note that, given the posture of the present case, namely the disposition of a summary judgment motion, the burden of proof is quite different. *Wilson* involved an appeal of a conviction for grand larceny; thus the evidence had to establish identity beyond

-13-

a reasonable doubt. Here, the evidence, viewed in the light most favorable to Osborne, need only sufficiently prove identity insofar as reasonable minds could find that Welch was the driver of the black Cavalier. I find that the evidence submitted does just that. When asked at his deposition whether he could identify the person driving the black Cavalier as Welch, Osborne testified that "[i]t appears it was her, but I only saw her from the shoulders up." (Osborne Dep. 15.) Osborne further stated that Welch resembled the person driving the black Cavalier. Also, Osborne testified that he had motioned for the black Cavalier to pull onto the roadway in front of him as the car was attempting to pull onto the roadway from a car wash. He noted that two young girls were in the car. Welch, at her deposition, admitted that she drives a black Cavalier. Furthermore, Welch testified, initially at least, that she resided on Barton Drive with her grandfather. I find that, given the totality of this evidence, reasonable minds could find that Welch was, in fact, the driver of the black Cavalier.

VI

Based on the above-stated reasons, it is **ORDERED** that the Motion for Summary Judgment on Liability is DENIED.

ENTER: April 25, 2007

/s/ JAMES P. JONES
Chief United States District Judge

-15-